IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NAJEH EL MASRI,                )
                               )
            Plaintiff,         )
                               )
    v.                         )    No. 07 C 5379
                               )
RUTH DOROCHOFF, et al.,        )
                               )
            Defendants.        )

MEMORANDUM ORDER

This is one of an endless stream of cases seeking the adjudication of applications for naturalization, all stemming from the appalling failure of the FBI to conduct and complete countless background checks of such applicants--a failure that has in turn prevented the conduct of interviews of the applicants by the United States Citizenship and Immigration Services ("CIS"), as is required by 8 U.S.C. §1446(a)[1] before adjudication of such applications. Most such actions follow the same form as this one, seeking mandamus relief. And as is frequently the case, the government defendants have filed a motion to dismiss under Fed. R. Civ. P. ("Rule") 12(b)(6), to which counsel for plaintiff Najeh El Masri ("El Masri") have filed a responsive memorandum.

In conceptual terms the government's position partakes in part of the elements of a shell game: It makes the undisputed

---

[1] All further references to Title 8's provisions will simply take the form "Section--."

point that mandamus relief is available only if a plaintiff has a clear right to relief and a defendant has a duty to act, and it proceeds from there to urge that Congress has not imposed a duty to act on the FBI. But that wholly ignores the fact that Section 1446(a) expressly requires confirmation from the FBI that it has completed a full criminal background check as a precondition to CIS' adjudication of the application for naturalization.

Here El Masri's counsel has pointed to the extensive discussion in <u>Iddir v. INS</u>, 301 F.3d 492 (7th Cir. 2002) in support of the potential for the granting of mandamus relief. And counsel also invokes the thoughtful and extended treatment of the subject in the opinion by this Court's colleague Honorable Matthew Kennelly (with whom this Court finds itself in total agreement) in <u>He v. Chertoff</u>, No. 07 C 363, \_\_\_ F.Supp.2d \_\_\_, 2008 WL 36634, at *2-*4 (N.D. Ill. Jan. 2). Accordingly this Court holds that dismissal of this action at this point would be premature, for a factual fleshing out is necessary in light of the generous standards applicable under Rule 12(b)(6), even after imposing the "plausibility" requirement announced in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964-65, 1974 (2007) as further amplified in <u>EEOC v. Concentra Health Servs.</u>, 496 F.3d 773, 776 (7th Cir. 2007).

Accordingly the defense motion for dismissal is denied, and defendants are ordered to answer the Petition for Writ of

Mandamus on or before March 10, 2008. This action is also set for a next status hearing at 8:45 a.m. March 13, 2008, at which time defense counsel should be prepared to provide current information as to the status of El Masri's background check by the FBI.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 25, 2008